UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOWARD R. L. COOK, <u>et al.</u>,               )
                                               )
    *Plaintiffs*,                             )
                                               )
    v.                                        )  Civil Action No. 82-0400(GK)
                                               )
JAMES BILLINGTON,                              )
                                               )
    *Defendant*.                              )
                                               )

<u>DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT</u>

In response to the Defendant's dispositive motion regarding their retaliation claims, Plaintiffs Yvonne Davis and James Nix make heroic efforts to demonstrate that their lateral transfers amounted to material adverse actions and thus, to state actionable claims. Their attempts, however, are contrary to the long-established record and the facts. Moreover, other than their own self-serving assertion that their work assignments and lateral transfers were motivated by retaliation, plaintiffs put forward no concrete evidence that of such a motive so as to raise any genuine dispute of material fact as to such a claim. But even if they had, under the legal standard explored in defendant's moving papers and below, in the absence of a materially adverse action, and there is none here, plaintiffs fail to state a claim. Accordingly, the Court should grant Defendant's motion and dismiss the Nix and Davis claims. While Defendant believes that the majority of plaintiff's

arguments are addressed in Defendant's opening papers, some specific points are addressed below.

    I.    <u>The Court Is Not Precluded From Ruling That Plaintiffs Fail To State A *Prima Facia* Case Of Retaliation</u>

Plaintiffs continue to cite Judge Johnson's opinion and order dated November 10, 1993 as a finding that plaintiffs have established a *prima facia* case of retaliation on the merits, that consideration of summary judgment on that issue after discovery is thus precluded as "law of the case", and that these claims must now proceed to trial. This contention is plainly wrong.

Plaintiffs' characterization of Judge Johnson's opinion is an overstatement, at best. It is undisputed that the only motion plaintiffs filed raising retaliation against Mr. Nix and Ms. Davis requested only an opportunity for discovery. This request was disputed. Judge Johnson's order resolved whether the discovery should be permitted and provided that the plaintiffs would return to the Court to press their claims within a period thereafter. The Court's order did not resolve a motion on the merits. Indeed, there was no request from plaintiffs to do so – ever. In briefing whether discovery should be allowed, plaintiffs made the claim that the complained of work-related actions were materially adverse and their lateral transfers were, in fact, substantial steps down in stature and responsibility. Defendant contested that characterization. Nevertheless, Judge Johnson resolved the dispute by essentially concluding that if plaintiffs' version of the facts was true, they stated a *prima facie* case of retaliation such that discovery should be allowed.

Plaintiffs' attempt to characterize Judge Johnson's ruling as preclusive on the merits is simply an attempt to rewrite the procedural history of the plaintiff-class motion and negate the results of the discovery they sought which does not support their version of the facts. Moreover, it plainly conflicts with long-standing precedent in this circuit. See, e.g., Williamsburg Wax Museum v. Historic Figures, Inc., 810 F.2d 243, 251 (D.C. Cir. 1987) (law of the case doctrine does not preclude a subsequent motion for summary judgment based on an expanded record).

Accordingly, there is no ruling in the record of this case that precludes this Court from granting defendant's motion for summary judgment on the grounds that plaintiffs fail to meet the requirement of a *prima facia* claim of retaliation under the law.

II. Plaintiffs' Fail To Meet The Requirement of A Material Adverse Action

Now that discovery has been completed, it is abundantly clear that summary judgment is warranted. Plaintiffs' opposition papers, while filled with self-serving speculation, "new" facts, and hyperbole, do not create a genuine issue regarding their failure to state a *prima facia* case of retaliation because none of the conduct about which they complain rises to the level of a material adverse action. Recently, the Supreme Court has described the required element of a material adverse action as an objective one in which the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination. Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2409 (2006). The Court went on to reiterate that the anti-retaliation provision protects an individual not from all

retaliation, but from retaliation that produces an injury or harm and cited this circuit's decision in Rochon, 438 F.3d, at 1219 as articulating the proper standard. Id. 126 S.Ct. at 2414 -2415.  Thus, the required harm must be material, i.e. significant to a reasonable employee, and is to be judged by an objective standard.  As the Supreme Court again observed in Burlington,

> We speak of material adversity because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth "a general civility code for the American workplace."Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80, . . . (1998); see Faragher, 524 U.S., at 788 . . . .

Id.  Applying this standard in Totten v. Norton, 421 F.Supp.2d 115, (D.D.C. 2006), this Court stated that

> Although it is not necessary for a Title VII reprisal plaintiff to show that the "alleged retaliation affected his pay or benefits-in other words, an adverse action may involve something short of what ordinarily would be considered a "personnel action"– a plaintiff nonetheless must point to an action that has "*materially* adverse consequences" for him.  Stewart v. Evans, 275 F.3d 1126, 1134 (D.C.Cir. 2002); see also Rochon, at 1219 ("[M]ateriality is implicit in the term 'discriminate' as it is used in Title VII."); Brown v. Brody, 199 F.3d 446, 457 (1999) (plaintiff must demonstrate "materially adverse consequences ... such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm").

Totten at 120-21.  In granting that defendant's motion to dismiss the retaliation claim, Totten also stated that the Courts in this Circuit have held that purely psychic injuries -- e.g. embarrassment, public humiliation, loss of reputation, mere inconveniences --  do not qualify as adverse actions for purposes of federal anti-discrimination statutes, noting that Rochon, at 1219 stated "[N]ot everything that makes an employee unhappy is an

actionable adverse action." Totten, 421 F.Supp.2d at 120 -121. This same language from Rochon was quoted favorably in Burlington Northern.

In the instant case, plaintiffs fail to meet the threshold of materiality. They make a valiant effort to do so but the record developed in discovery demonstrates otherwise. Initially, in their July 25, 1997 motion, the plaintiff class claimed that Mr. Nix and Ms. Davis had been "given undesirable reassignments". Motion to Enforce Settlement Agreement at 3 (Dkt. # 755). In declarations both dated September 17, 1997, Mr. Nix and Ms. Davis stated the substance of their claims of retaliation. Both alleged that: (1) they had telephones assigned to their desks or work areas that were taken away and that approximately 6 months passed before telephones were installed at their desks; (2) that they were detailed, with notice of less than 14 days, to file microfiche, which both claimed, without supporting documentation, was a GS-5 task; and (3) that in 1997, they were unwillingly laterally transferred to positions outside of the Binding and Collections Care Division. In their attempt to meet what discovery revealed about these claims, plaintiffs have now drafted new declarations that add allegations or embellish their sagging claims. Defendant invites the Court to review the plaintiffs' deposition testimony which, **in their own words**, describes the duties of their former positions and those to which they were transferred, the circumstances surrounding the allocation of telephones and the plaintiffs' telephone usage to do their jobs in the Binding and Collections Care Division. Moreover, defendant invites the Court to review the deposition testimony of the supervisor in the Serials and Government Publications Division who stated that GS-12

employees in his Division filed microfiche on a regular basis as a part of their routine duties. Plaintiffs' self-serving testimony that such tasks should be classified at the GS-5 level is unsupported by any objective, competent evidence. In short, plaintiffs' attempt to create material issues of fact belie the weakness of their case.

Moreover, the Court should not credit plaintiffs' "new" declaration testimony, and their "new" claims of mistreatment and their new declarations simply should not be considered for purposes of summary judgment. Childs-Pierce v. Utility Workers Union of America, 383 F.Supp.2d 60, note 2 (D.D.C. 2005) (quoting Mack v. United States, 814 F.2d 120, 124 (2d Cir. 1987)) ("[A] party's affidavit which contradicts [the party's] own prior deposition testimony should be disregarded on a motion for summary judgment.").[1] As noted above, plaintiffs' new declarations contradict their own testimony, in their own words, about their job duties and their claims. These new declarations, signed over 11 years after the events, make new claims that have never been raised either before or during discovery or during their deposition testimony. Other claims rely on evidence that is not competent or reliable and that would not be admissible in a trial or hearing.

Fed. R. Civ. P. 56(e) states that:

Supporting and opposing affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence . . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts

---

[1] In Childs, a Title VII case, Judge Bates granted the employer's motion for summary judgment.

>showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992) (party opposing summary judgment must produce competent evidence to overcome properly-supported motion).

Moreover, plaintiffs argue that they did not want to be detailed to file microfiche or to be laterally reassigned. However, the legal test for a materially adverse action does not hinge upon whether a plaintiff is satisfied with the action. In fact, plaintiffs' preference is irrelevant: the question is whether the action is "materially adverse" as defined under Title VII case law, not whether plaintiff agreed with the action. See Holcomb, supra; Brown, 199 F.3d at 457; Hayslett v. Perry, 332 F.Supp.2d 93, 105 (D.D.C. 2004). Similarly, plaintiffs' argument that others volunteered to file microfiche while they did not is irrelevant to the adverse action question. Likewise, their speculation about whether there was a genuine "need" to have the microfiche filed is irrelevant and not material.

The allegation should also be barred on admissibility grounds. It is well-established that a court cannot resolve factual issues on summary judgment. See, e.g. Pinkney v. Robinson, 913 F.Supp. 25, 30 (D.D.C. 1996). Yet, in reviewing a summary judgment motion pursuant to Rule 56 of the Federal Rules, a court does make a threshold determination of whether there exists a genuine issue of material fact for purposes of deciding the motion. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1212

(7th Cir. 1993).   This determination, of course, "does not emanate from the court's role as a fact-finder, a role which lays dormant during the summary judgment process." Id. Rather, it "emanates from a court's ability to make an initial assessment of [] evidence.." Unterreiner, 8 F.3d at 1212.

Thus, a court may reject an opposing party's factual allegation and grant a moving party's summary judgment motion where the alleged factual conflict "is merely colorable, or is not sufficiently probative." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  Pursuant to and consistent with this standard, a court may reject a party's "later statement [if it] is sufficiently unlikely--to the point of unreliable..." on grounds that the statement fails to create a genuine issue of material fact.  See Unterreiner, 8 F.3d at 1212; see also 8 Wright & Miller:  Federal Prac. & Proc. § 2726 (R56)(1998)("...insofar as courts always have agreed that credibility issues prevent summary judgment only when there are facts suggesting why credibility is at issue, it seems consistent with this approach to require the nonmoving party to do more than simply interpose an ex parte conflicting statement with the threat that false-swearing may lead to perjury charges and to present facts showing why this later assertion should be taken seriously.")

Here, plaintiffs second set of declarations, upon which their statement of genuine issues is based, raise such "conflicting" or irrelevant claims that are either unsupported by any competent evidence, exaggerations from even their own deposition testimony – where plaintiffs testified in their own words --, or are newly offered "11th hour" conjured,

unreliable evidence that should be rejected on admissibility grounds at trial, and thus, inappropriate to defeat a summary judgment motion.

     III.    <u>Defendant's Response To Plaintiffs' Statement Of Genuine Issues</u>

Pursuant to LcvR 7(h) and 56.1, plaintiffs have submitted their statement of genuine issues in an attempt to defeat defendant's motion for summary judgement to which defendant responds below:

Paragraphs 1-4 are not material to defendant's motion for summary judgment because preferred access to telephones is not a material adverse action. Moreover, these claims are not supported by the citations, with the exception of plaintiffs' newly drafted declaration, which are themselves contradicted by plaintiffs' own deposition testimony. Plaintiffs claim in paragraph 1 that they were without telephone access for "six months to a year" which is a gross exaggeration that is unsupported by any evidence (other than plaintiffs' "new" declarations) and is contradicted by Mr. Nix' and Ms. Davis' own deposition testimony. <u>See</u>, <u>e.g.</u>, Nix Depo. at 107 (it was "close to six months" before a new shared telephone was installed). Moreover, plaintiffs' allegation they were denied access to a voicemail box is an entirely new claim. Similarly, Ms. Davis has never claimed until her "new" declaration that she was "forced" to purchase a pager so family members could reach her. Finally, Mr. Nix's own deposition testimony contradicts the claim (supported only by his "new" declaration) that his work on the <u>Cook</u> Settlement Committee was disrupted by his lack of telephone access. <u>See</u>, <u>e.g.</u>, Nix Depo. at 106-107; <u>see also id.</u> at 109 (never told anyone he was unable to do work because he didn't

have access to a telephone, it was not a problem because he was "only doing QC, quality control"). Finally, plaintiffs point to no evidence that they were "denied" telephones in retaliation for their participation in the Cook class action.

Paragraphs 5-14 make a variety of allegations regarding Mr. Nix and Ms. Davis' detail to the Serials and Government Publication Division all of which fail to raise a genuine issue of fact material to defendant's motion for summary judgment. It is undisputed that plaintiffs did not desire this detail and did not like filing microfiche but as set forth above, as a matter of law, not every assignment that makes an employee unhappy is an actionable adverse action under Title VII. Further, it is irrelevant whether filing the microfiche, in plaintiffs' view, was urgent or a priority. Neither is it relevant or material whether, in plaintiffs' view, the Serials and Government Publications Division has sufficient employees to do the filing themselves. The allocation of resources is a management prerogative and not an actionable Title VII claim. Moreover, plaintiffs are not competent to testify whether filing microfiche is – or should be – classified as a GS-3, 4, or 5 task. They are not classification specialists. In addition, plaintiffs have offered no evidence to dispute that GS-8,12 and 13 employees and supervisory employees in the Serials and Government Publications Division routinely filed microfiche as a part of their jobs. See Minter Depo. at 80-83.[2] Mr. Nix and Ms. Davis actually worked in the Serials

---

[2] Unless otherwise noted, these deposition citations are included in the attachments to Defendant's Motion for Summary Judgment filed with the Court.

and Government Publications Division for approximately two weeks, substantially less than 30 days. Minter Depo. at 25; Davis Depo. at 48.

Paragraphs 15-19 concern Mr. Nix' lateral reassignment to the Motion Picture Broadcasting and Recording Sound Division. First, plaintiffs offer no evidence to support their assertion that this lateral transfer was in retaliation for Mr. Nix' participation in the Cook class action. Thus, plaintiffs fail to create a genuine issue of material fact in contrast to the legitimate reason given by defendant. Indeed, plaintiffs can not create a genuine dispute that the Binding and Collections Care Division was reorganized and that Mr. Nix' position and responsibilities were substantially reduced.

The position to which Mr. Nix was reassigned involved comparable physical demands. The position description of Binding Technician, Binding and Collections Care Division, states that the "[w]ork requires sitting, standing, walking, lifting, . . . [r]equires ability to lift heavy volumes and push loaded book trucks. Manual dexterity is needed for in-house binding." See Simms Decl., Exh 3 thereto.[3] See also Nix Depo. at 27-29, 30. Similarly, the position description of Processing Technician, Motion Picture, Broadcasting, & Recorded Sound Division states that the "incumbent may perform strenuous physical work requiring standing for extended periods of time, walking, kneeling, stooping, bending, pushing and pulling carts, reaching, and lifting." See Simms Decl., Exh. 2 thereto. Defendant submits that there is no material distinction in the types

---

[3] The Declaration of Patricia Simms is Exhibit 2 to Defendant's Motion for Summary Judgment filed with the Court.

of physical requirements the incumbent of either position may be expected to do. While one uses the term "strenuous" both describe the same level of physical exertion and the same types of tasks.

In paragraph 17, Mr. Nix asserts that the remained in the same position for seven years until his retirement. This fact is not disputed nor is it material. Plaintiffs contend in their opposition to summary judgment that Mr. Nix, and Ms. Davis, were transferred to "career-ending" positions. But, there is no such claim in any portion of their depositions, in any part of their original declarations or at any prior time in this matter. This new claim is also totally unsupported by the evidence. Indeed, there is no evidence that either plaintiff applied for positions and were rejected because of the jobs to which they were transferred in 1997. Finally, with regard to Mr. Nix, he testified that he did not want to transfer back to the Binding or Collections Care Division from the Motion Picture Division. Nix Depo. at 123. Neither did he seek a transfer back to his old position when the original motion was filed. Id.

Paragraphs 20-24 concern Ms. Davis' transfer to the Law Library. For the same reasons discussed above, these asserted disputes of fact are not material to defendant's motion for summary judgment. Moreover, Ms. Davis fails to present any concrete evidence that her transfer to the Law Library was for any reason other than to address her permanent physical limitations and their demonstrated effect on her ability to perform her duties in the Binding and Collections Care Division without injury. Ms. Davis' characterization of her duties as "menial" does not make them so. It is undisputed that

she did not desire the transfer. But under the legal standard discussed above, that does not make the transfer a material adverse action giving rise to a retaliation claim. Moreover, her own description of her duties as a Binding Technician in the Binding and Collections Care Division and her duties as a Library Technician in the Law Library were comparable in reality as well as in their respective position descriptions. See Davis Depo. at 19-20, 21-22, 27-28; Cf. Simms Depo. at Exh. 6.

At paragraph 23, Ms. Davis claims that when she was transferred to the Law Library, she was initially assigned physically demanding tasks. This claim is neither supported by the record citations nor by Ms. Davis' own description of her duties in the Law Library during her deposition. Indeed, she testified that she worked at a computer and had access to a telephone at her desk. Davis Depo. at 73-78. Ms. Davis also testified that she did not move the books or other materials from her desk area to the deck, rather there was a messenger to do that for her. Davis Depo. at 78. Finally, the fact that Ms. Davis' supervisor in the Law Library may have requested that she supply updated documentation to support her physical limitations is not unreasonable and is not material to defendant's summary judgment. Nor is it material whether Ms. Davis chose to move to the Law Library for the reasons discussed above.

In summary, none of the asserted disputed facts in plaintiffs' opposition are material. Neither have plaintiffs raised any genuine dispute regarding the facts put forth by defendant in support of summary judgment.

CONCLUSION

Accordingly, for the reasons stated in defendant's motion for summary judgment and in this reply, the Court should grant defendant's motion.

    Respectfully submitted,
    /s/
    JEFFREY A. TAYLOR, D.C. BAR # 498610
    United States Attorney
    /s/

    RUDOLPH CONTRERAS, D.C. BAR # 434122
    Assistant United States Attorney

    /s/
    MADELYN E. JOHNSON, DC Bar #292318
    Assistant United States Attorney
    U.S. Attorney's Office, Rm  E4114
    555 4th Street, N.W.
    Washington, D.C.  20530
    *(202) 514-7135*

CERTIFICATE OF SERVICE

      I CERTIFY that on April 16, 2007, counsel for plaintiffs, Mr. Nix and Ms. Davis, were served with a copy of the foregoing Motion for Enlargement of Time via email through the District Court's ECF system.

Emily Brittain Read
David C. Vladeck
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001

                                        _____/s/_____
                                        Madelyn E. Johnson
                                        Assistant U.S. Attorney
                                        555 4th Street, N.W., Rm. E4114
                                        Washington, D. C. 20530
                                        (202) 514-7135